UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTRO,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | **1:16-cv-01390-GSA**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 1) |

**I.    INTRODUCTION**

Pro se plaintiff Richard Castro ("Plaintiff") filed a Social Security complaint (the "complaint") on September 20, 2016. (Doc. 1). In the complaint, Plaintiff appears to be challenging a denial of his Social Security benefits. As discussed below, the complaint will be dismissed because it fails to state a claim. However, Plaintiff will be granted leave to file an amended complaint.

**II.    DISCUSSION**

    **A.  Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

1

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**B. Plaintiff's Allegations**

Although not entirely clear, Plaintiff's complaint appears to be challenging a denial of his Supplemental Security Income benefits ("SSI"). The complaint alleges that Plaintiff has applied for benefits several times due to being overweight, pain in his back and knee, and difficulty breathing. He also suffers from a urinary tract infection. Plaintiff contends his benefits were last denied on March 13, 2015. He requests that this Court award him benefits.

**C. Analysis of Plaintiff's Allegations**

    **1.   Rule 8(a)**

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the

opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47.  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (2009).

In this case, Plaintiff indicates he is appealing a denial of his application for SSI benefits, but he has not provided any substantive reasons for doing so, nor has he identified any errors in the decision. Plaintiff is advised that this Court has no jurisdiction to award Social Security benefits.  This Court only has jurisdiction to review an administrative law judge's non-disability finding.  However, as outlined below, there are time requirements that must be met in order for this Court to be able to hear Plaintiff's case.

### 2. Timeliness of the Appeal

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy**, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision** or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) and (h) therefore operates as a statute of limitations setting a sixty day time period in which a claimant may appeal a final decision of the Commissioner. In addition to the sixty day period noted above, Plaintiff must have exhausted his administrative remedies prior to filing a case in this Court.  Specifically, upon receiving his denial from an administrative law

judge, Plaintiff had sixty days to file an Appeal with the Appeals Council. 20 CFR §§ 404.967 and 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 CFR § 404.979. It may also remand the case. 20 CFR § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 CFR §§ 422.210 and 404.981.

Given the above, prior to filing an appeal in federal court, Plaintiff must establish that he had a hearing before an administrative law judge, and that an appeal with the Appeals Council was filed. Any complaint filed in this Court must be filed within sixty days of the Appeals Council's decision. Plaintiff has failed to demonstrate that this was done in this instance. In fact, he indicates that he was last denied benefits on March 13, 2015. It is unclear if this denial was from the agency itself, an administrative law judge, or from the Appeals Council. In any event, it appears the filing of this case occurred beyond the sixty day period, and that this Court lacks jurisdiction to hear Plaintiff's case.

Plaintiff is advised that in certain rare circumstances, the doctrine of equitable tolling allows a plaintiff to avoid the statute of limitations. *Supermail Cargo Inc. v. United States*, 68 F.3d at 1206. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, ––– U.S. ––––, 132 S.Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted). Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted). "Generally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v.Bowen*, 862 F.2d 708, 710 (8th Cir. 1988). For example, in *Bowen v. City of New York*, the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 481. Likewise, in *Vernon*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been

1 told by an employee of the Social Security Administration that the deadline would be extended.
2 *Vernon*, 811 F.2d at 1275. In contrast, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the
3 court did not find equitable tolling applicable because the plaintiff was not "unusually
4 disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when
5 he received the letter from the Appeals Council denying his benefits and informing him of his
6 right to file a civil action. *Turner*, 862 F.2d at 709. Thus, equitable tolling only applies in very
7 rare circumstances.

8 Given the above, Plaintiff will be given an opportunity to amend the complaint to
9 establish that jurisdiction is proper. In any amended complaint, Plaintiff must establish that he
10 filed this case within sixty days of the Appeals Council denial of his benefits, or that equitable
11 tolling should apply to his case.

12 **3**. **Proper Defendant**

13 Plaintiff is advised that the Commissioner of Social Security, presently, is Carolyn Colvin,
14 and she is the proper defendant in an action challenging the denial of Social Security benefits. 42
15 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). *See also*, 20 CFR 422.210(d). As
16 such, Plaintiff shall properly name Carolyn Colvin, the Commissioner of Social Security, as the
17 defendant in any amended complaint.

18 **III.** **Conclusion and Order**

19 As set forth above, Plaintiff's complaint does not state any claims upon which relief may
20 be granted, and it appears the Court lacks jurisdiction to hear Plaintiff's case. However, if
21 Plaintiff believes that there are other facts that the Court should consider, he may file an amended
22 complaint no later than **October 30, 2016**. If Plaintiff chooses to file an amended complaint, he
23 must establish that this Court has jurisdiction. An amended complaint must bear the docket
24 number assigned in this case and be labeled "First Amended Complaint." As a general rule, an
25 amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty*., 693 F.3d 896
26 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other
27 words, the amended complaint must be "complete in itself without reference to the prior or
28 superseded pleading." Local Rule 220.

**Plaintiff is advised that failure to file a First Amended Complaint as ordered will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:  **September 23, 2016**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE