UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **16-cv-1390 LJO GSA**<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING THIS CASE FOR FAILULRE TO FOLLOW A COURT ORDER** |

On September 20, 2016, pro se Plaintiff Richard Castro ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). After screening Plaintiff's complaint, the Court dismissed the case with leave to file an amended complaint. Plaintiff was advised that any amended complaint shall be filed no later than **October 30, 2016**, and that failure to timely file an amended complaint would result in dismissal of this action. (Doc. 4, pg. 5). On October 18, 2016, Plaintiff filed a request for an extension of time to file the amended complaint. (Doc. 5). The Court granted Plaintiff's request and ordered that any amended complaint be filed no later than **December 2, 2016**. (Doc. 6). Plaintiff was again advised that failure to file an amended complaint by December 2, 2016 may result in dismissal of

1

the case. *Id*. Plaintiff did not file an amended complaint as ordered. Based on Plaintiff's failures to file an amended complaint this Court, on February 16, 2017, issued an Order to Show Cause Why this Case Should not be Dismissed ("OSC") (Doc. 9). Plaintiff was ordered to file a response to the OSC within fourteen (14) days. To date, Plaintiff has not responded to the Court's order.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g*., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and

the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  For example, Plaintiff was given an extension of over sixty days to file an amended complaint, and to date, Plaintiff has still not done so. (Doc. 6). Similarly, Plaintiff has not responded to this Court's OSC. (Doc. 9).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik,* 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Here, the order dismissing his case with leave to amend, the order granting Plaintiff's motion for an extension of time, and the OSC advised Plaintiff that a failure to respond would result in dismissal of this action. (Doc. 4; pgs.5-6; Doc. 6; Doc. 9, pgs. 2-3). Given Plaintiff's numerous failures to comply with the Court's orders, no lesser sanction is available.

## RECOMMENDATION

In light of the above, the Court RECOMMENDS that his case be DISMISSED for Plaintiff's failure to comply with a court order, and for failure to prosecute this action.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B). Within **fourteen (14)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **March 8, 2017**                    /s/ Gary S. Austin
                                                                         UNITED STATES MAGISTRATE JUDGE